WHIPPLE, C.J.,
concurring.
| ^though I agree that the majority opinion is legally correct, I write separately to express my view that this case demonstrates the compelling need for careful consideration of the UM scheme in Louisiana and warrants legislative action vis-a-vis guest passenger coverage. Specifically, in selling UM coverage that purports to cover individuals with permission to “use” a vehicle, while elsewhere setting forth such a narrow and restrictive definition of “use” (ie., no UM coverage to a guest passenger unless physically controlling” a vehicle), it appears that there would never be a situation where this policy would afford coverage for any guest passenger. However, this is what the parties contracted for and this is what the policy provides. While the result is absurd, it is mandated by the terms of Shelter’s new policy language.
Accordingly, I am constrained to affirm the trial court.
McCLENDON, J.,
agrees and assigns additional reasons.
L Despite plaintiffs compelling argument, because neither the Louisiana Supreme Court nor the Louisiana Legislature 'has yet deemed it contrary to public policy to exclude uninsured/underinsured motorist coverage to certain guest passengers, I agree with the majority that the parties’ contract is controlling. If an insurance policy’s wording is clear and unambiguously expresses the parties’ intent, the insurance contract must be enforced as written. LSA-C.C. art.2046; Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, 197. However, given the strong public policy in favor of uninsured motorist coverage,[1] the Legislature may wish to consider whether a waiver similar to that found in LSA-R.S. 22:1295(l)(a)(ii) should be *703 adopted to ensure that the policyholder’s selection of UM coverage for less than all guest passengers is knowingly made.

. The object of UM insurance is to provide full recovery for automobile accident victims who suffer damages caused by a tortfeasor who is not covered by adequate liability insurance. Duncan v. U.S.A.A. Ins. Co., 06-363 (La.11/29/06), 950 So.2d 544, 547.